UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-207 |
| MARCUS BRUMFIELD | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is Defendant Marcus Brumfield's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On November 25, 2015, Brumfield pleaded guilty to Count One of the Superseding Indictment, possession with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Count Two, being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and Count Three, possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

---

[1] R. Doc. 54.

§ 924(c)(1)(A).² The Court sentenced Brumfield to 264 months imprisonment, reflecting 204 months on each of the first two counts, to be served concurrently, and 60 months on the third count, to be served consecutively.³ The sentence imposed was below the applicable advisory guideline range of 322 to 387 months imprisonment.⁴ Brumfield did not directly appeal his conviction or sentence.

Brumfield now asks the Court to vacate, set aside, or correct his sentence.⁵

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Brumfield asserts that his defense counsel was ineffective at sentencing because his attorney failed to object to Brumfield's firearm-related sentencing enhancements.⁶ To prove ineffective assistance of counsel, Brumfield must show both that his counsel's performance was constitutionally deficient and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For counsel's

---

² R. Doc. 41; R. Doc. 44.
³ R. Doc. 53 at 3.
⁴ R. Doc. 50 at 18.
⁵ R. Doc. 54.
⁶ *Id.* at 2.

performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* at 688.

Brumfield first argues that his defense attorney should have challenged his sentencing enhancement under 18 U.S.C. § 924(c)(1)(A) because Brumfield pleaded guilty only to possession of a firearm.[7] This argument misstates the record. Brumfield pleaded guilty to Count Three of the Superseding Indictment, which charged him with possessing a firearm in furtherance of a drug trafficking crime.[8] Brumfield's plea agreement made clear that he faced a mandatory minimum sentence of five years imprisonment as to Count Three, consecutive to any other sentence.[9] Additionally, Brumfield signed a factual basis stating that "Brumfield and the Government further acknowledge and agree that Brumfield possessed the firearm to protect himself and the crack cocaine he possessed in furtherance of his efforts to resell the crack cocaine."[10] In light of Brumfield's guilty plea and the factual basis for the charge, it would have been futile for defense counsel to object at sentencing to the mandatory five-year enhancement under § 924(c)(1)(A).

---

[7] *Id.* at 4.
[8] R. Doc. 19 at 2.
[9] R. Doc. 44 at 2.
[10] R. Doc. 45 at 4.

Brumfield next contends that his counsel was ineffective for not objecting to separate sentencing enhancements under § 924(c) for possessing a firearm in furtherance of a drug trafficking crime and under § 924(e) for being a felon in possession of a firearm.[11] Brumfield contends that he should not have been subject to multiple sentencing enhancements for the same conduct of possessing a firearm.[12] But this argument is meritless. Brumfield's double jeopardy rights were not violated because, "while his conviction under § 924(e) imposed a punishment for possessing a firearm while having the *status* of a felon, his conviction under § 924(c)(1)(A) punished his *use* of a firearm." *United States v. Senegal*, 371 Fed. App'x 494, 508 (5th Cir. 2010) (holding that separate sentences for violations of § 924(c) and § 924(e) do not violate the Double Jeopardy Clause); *see also United States v. Studifin*, 240 F.3d 415, 419 (4th Cir. 2001); *United States v. Lawrence*, 928 F.2d 36, 38-39 (2d Cir. 1991).[13] Brumfield's counsel was not ineffective for failing to raise this objection.

---

[11] R. Doc. 54 at 2-5.

[12] *Id.* at 3. Brumfield also argues that he should not have received an additional sentencing enhancement under 21 U.S.C. § 841(b)(1)(B). *Id.* § 841 sets out penalties for drug offenses, not firearm possession, and any double jeopardy argument with regard to § 841(b)(1)(B) is therefore meritless. Moreover, Brumfield received concurrent sentences as to his violations of § 841 and § 924(e).

[13] Brumfield cites *United States v. Washington*, 44 F.3d 1271 (5th Cir. 1995), for the proposition that "a sentencing court may not enhance a drug

4

B.   **Sentencing Guidelines**

Brumfield also argues that the Court improperly applied a career offender sentencing enhancement.[14] He first contends that 18 U.S.C. § 924(c)(3)(B) is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[15] The Supreme Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. *Id.* at 2557. This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another." *See id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)). But Brumfield's sentence was enhanced because he possessed a firearm in furtherance of a *drug trafficking crime*, not a "violent felony." The Supreme Court's opinion in *Johnson* did not affect, or even address, the "drug trafficking crime" definition in 18 U.S.C. § 924(c)(2).

Brumfield further argues that the Court erred in calculating his sentencing guidelines because his prior drug convictions are not categorically "controlled substance offenses" and should not have been

---

trafficking sentence based on a defendant's possession of a firearm if the defendant also is convicted under § 924(c) for the possession of that *same* firearm." *Id.* at 1280. But that statement is inapplicable to a sentencing enhancement under § 922(g) and § 924(e), which requires proof of the additional element of being a felon.

[14]   *Id.* at 5-11.
[15]   R. Doc. 54 at 5.

5

considered predicate offenses for a career offender sentencing enhancement.[16] The Government argues that Brumfield waived his right to contest his sentence through his plea agreement.[17]

To determine whether a plea agreement bars a defendant from raising an issue on appeal, the Court considers "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (explaining that plea agreements are construed through normal principles of contract interpretation). Brumfield's plea agreement states that he knowingly and voluntarily waives his right to file a collateral challenge to his sentence, including "any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment."[18] Brumfield and his attorney each signed this plea agreement.[19] Upon review of the plea agreement and the record, the Court finds that Brumfield's waiver of his

---

16       R. Doc. 54 at 7.
17       R. Doc. 62 at 6.
18       R. Doc. 44 at 2-3.
19       *Id.* at 5.

6

appeal rights was knowing and voluntary. *See Bond*, 414 F.3d at 544. The agreement also directly applies to Brumfield's challenge to the calculation of his sentencing guidelines.

Brumfield does not contest that his plea agreement was voluntary. He instead argues that his current challenge is outside the scope of his appeal waiver because recent court decisions have cast doubt on whether certain offenses are categorically controlled substance offenses.[20] But an otherwise valid appeal waiver is not voided by a subsequent change in caselaw. *See United States v. Burns*, 433 F.3d 442, 448-51 (5th Cir. 2005). Brumfield's sentence was below the statutory maximum, and was therefore not illegal. *See Bond*, 414 F.3d at 545; *cf. United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (finding that an appeal waiver did not bar a challenge to an allegedly illegal restitution order). Accordingly, Brumfield is barred from challenging the calculation of his guidelines range.[21]

---

[20] R. Doc. 63.
[21] Even if Brumfield had not waived his right to challenge his sentence on collateral review, his sentencing challenge is not a proper basis for § 2255 relief because it does not raise a constitutional issue. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (explaining that "[a]pplying the § 4B1.1 criteria to determine whether to sentence as a career offender does not implicate any constitutional issues" and does not warrant relief under § 2255).

## C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Brumfield has not made a substantial showing of the denial of a constitutional right.

## III. CONCLUSION

For the foregoing reasons, Brumfield's motion is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___5th___ day of October, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE