UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                                    CRIMINAL ACTION

VERSUS                                                                    NO. 13-207

MARCUS BRUMFIELD                                         SECTION "R" (5)

# ORDER AND REASONS

Defendant Marcus Brumfield moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] Because Brumfield's arguments lack good faith, the Court denies the motion.

## I.  BACKGROUND

On November 25, 2015, Brumfield pleaded guilty to Count One of the Superseding Indictment, possession with the intent to distribute 28 grams or more of cocaine base, Count Two, being a felon in possession of a firearm, and Count Three, possessing a firearm in furtherance of a drug trafficking crime.[2] In a plea agreement, Brumfield waived his rights to appeal or collaterally challenge his sentence, except for his right to bring a direct appeal of a sentence in excess of the statutory maximum and his right to raise

---

[1]  R. Doc. 70.
[2]  R. Doc. 41; R. Doc. 44.

a claim of ineffective assistance of counsel.[3] The Court sentenced Brumfield to 264 months imprisonment, reflecting 204 months on each of the first two counts, to be served concurrently, and 60 months on the third count, to be served consecutively.[4]

On November 18, 2016, Brumfield filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[5] On October 5, 2017, the Court denied Brumfield's motion, and denied a certificate of appealability.[6] Brumfield now moves for leave to proceed *in forma pauperis* on appeal.[7]

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the

---

[3] R. Doc. 44 at 3.
[4] R. Doc. 53 at 3.
[5] R. Doc. 54.
[6] R. Doc. 64.
[7] R. Doc. 70.

issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

### III. DISCUSSION

Brumfield's motion suggests that he is unable to pay fees related to his appeal. His supporting documentation indicates that Brumfield's current inmate balance is $50.78.[8] Brumfield's motion must nevertheless be denied

---

8      R. Doc. 70-1 at 4.

because the arguments he intends to raise on appeal do not have an arguable basis either in law or in fact, and are therefore frivolous.

Brumfield's motion identifies three issues for appeal. First, Brumfield appears to contend that the Court abused its discretion and violated his right to due process by denying his § 2255 motion.[9] But Brumfield does not explain the basis of this argument. For the reasons explained in the Court's order denying relief, Brumfield's motion was without arguable merit.[10] Second, Brumfield wishes to raise the issue of whether *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), constitute grounds for collateral attack and equitable tolling.[11] But these cases are not relevant. The Court denied Brumfield's challenge to his career offender sentencing enhancement because he waived the right to collaterally challenge his sentence in his plea agreement, not because his claim was time-barred.[12] A valid waiver of appeal rights is not voided by a subsequent change in caselaw. *See United States v. Burns*, 433 F.3d 442, 448-51 (5th Cir. 2005).

---

[9] R. Doc. 70 at 2.
[10] R. Doc. 64.
[11] R. Doc. 70 at 2.
[12] R. Doc. 64 at 5-7.

4

Finally, Brumfield requests permission to expand his claims to include a new claim of ineffective assistance of counsel because of his attorney's failure to object to the use of his prior drug felony.[13] The Court has already issued a final judgment denying Brumfield's motion,[14] and he points to no extraordinary circumstances that would warrant the Fifth Circuit considering this claim for the first time on appeal. *See United States v. Fisch*, 851 F.3d 402, 408 (5th Cir. 2017); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Accordingly, an appeal on this issue would be frivolous. *See United States v. Johnson*, 292 F. App'x 352, 353-54 (5th Cir. 2008).

## IV. CONCLUSION

For the foregoing reasons, Brumfield's motion to proceed *in forma pauperis* is DENIED.

New Orleans, Louisiana, this \_\_\_22nd\_\_\_ day of February, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] R. Doc. 70 at 2.
[14] R. Doc. 65.

5